UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SELUNDO CHILIPE-ESCANDON,<br><br>　　　　　Defendant. | CASE NO. CR12-47 MJP<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

THIS MATTER comes before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Dkt. No. 1102.) Having considered the parties' briefing and the related record, the Court hereby DENIES the motion.

**Background**

Defendant Selundo Chilipe-Escandon was sentenced on December 8, 2012, following his conviction for Conspiracy to Distribute Controlled Substances. (Dkt. No. 742.) This Court calculated his Total Offense Level as 27. Because Defendant's Criminal History Category was II, the resulting Guidelines range was 78-97 months. This Court then varied downward from that range, imposing a sentence of 60 months.

Defendant now moves the Court for reduction in sentence based on Amendment 788 to the Sentencing Guidelines which made Amendment 782 to USSG §2D1.1 retroactively applicable. (Dkt. No. 1102.) The Government opposes the motion. (Dkt. No. 1112.)

**Discussion**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. See United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be 25. This in turn results in an amended Guidelines range of 63–78 months. Because the sentence already imposed (60 months) is below the low end of the range as calculated applying the amended Guidelines (63 months), the policy statement precludes any

1 reduction in sentence. See <u>United States v. Davis</u>, 739 F.3d 1222, 1224 (9th Cir. 2014). As such, this Court is not authorized to reduce Defendant's sentence.

### **Conclusion**

Defendant is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because the sentence already imposed is below the low end of the amended Guidelines range. Defendant's motion to reduce his sentence is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of March, 2015.

Marsha J. Pechman
United States District Judge